U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

AUG 1 5 2013

CHRIS R. JOHNSON, CLERK

BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MARTINA BAKER,**                                                **PLAINTIFF**
on behalf of herself
and those similarly situated,

vs.                          Case No. 6:13-cv-13-5168 JLH

**LINDSEY MANAGEMENT COMPANY, INC.**                    **DEFENDANT**

## ORIGINAL COMPLAINT

COMES now Plaintiff Martina Baker, by and through undersigned counsel, and for her

Original Complaint against Defendant Lindsey Management Company, Inc. (hereinafter

"Defendant"), and in support thereto she does hereby state and allege as follows:

### I.

### NATURE OF THE CLAIM

1.      Plaintiff, and those similarly situated, seek declatory relief and monetary damages

for Defendant's willful violations of the Fair Labor Standards Act of 1938, as amended, 29

U.S.C. § 201 *et seq.* ("FLSA").  Defendant violated the FLSA by knowingly suffering or

permitting Plaintiff and the putative class members to perform work without compensating them

in accordance with federal minimum wage requirements and to perform overtime work without

properly compensating them for the time spent on these activities at a rate of one and one-half

times their regular rate of pay for hours worked in excess of forty (40) hours per work week.

2.      Additionally, Plaintiff seeks damages under the Arkansas Minimum Wage Act

("AMWA") for Defendant's willful violations of the AMWA by knowingly suffering or

permitting Plaintiff to perform overtime work without properly compensating her at a rate of one

and one-half times her regular rate of pay for all hours worked in excess of forty (40) per workweek, and not compensating Plaintiff at a rate equal to Arkansas' minimum wage.

## II.

### JURISDICTION AND VENUE

3.     The FLSA authorizes court actions by private parties to recover damages for violation of the wage and hour provisions contained within the FLSA.  Jurisdiction over the FLSA claims of Plaintiff and the putative class is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Further, jurisdiction over Plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1367.

4.     Venue in this District is proper under 28 U.S.C. § 1391(b) because a significant number of putative class members were or are residents of this District, a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district, and Defendant is a resident of this District.

5.     Plaintiff was, at all times relevant herein, a resident and citizen of Washington County, Arkansas.  Since being terminated, Plaintiff is now a resident and citizen of Dallas County, Texas.

6.     At all times relevant herein, Plaintiff was employed by Defendant as an Apartment Manager/Community Director for Defendant's property located at 2090 N. Chestnut Avenue, Fayetteville, Arkansas 72703 (hereinafter "Chestnut Apartments).

7.     Plaintiff and putative class members are non-exempt from the overtime requirements of the FLSA.

## III.

## PARTIES

8.      Plaintiff Martina Baker is a citizen of the United States.  She currently is a resident and domiciliary of the State of Texas but was, during the time the events took place herein, a resident and domiciliary of the State of Arkansas.  At all times relevant to the allegations contained in this Complaint, Plaintiff was employed by Defendant doing business principally within the Fayetteville Division of the Western District of the State of Arkansas.  A redacted version of Plaintiff's FLSA Consent to Join Form is attached hereto as Exhibit A.

9.      At all times relevant herein, Plaintiff, and those similarly situated, were erroneously classified as exempt employees by Defendant and were not compensated for overtime hours worked at a premium rate, in violation of the FLSA.

10.      At all times relevant herein, Plaintiff, and those similarly situated, were erroneously classified as exempt employees by Defendant and were, as a result, not compensated at a rate equal to Federal minimum wage, in violation of the FLSA.

11.      At all times relevant herein, Plaintiff was erroneously classified as an exempt employee by Defendant and was not compensated for overtime hours worked, in violation of the AMWA.

12.      At all times relevant herein, Plaintiff was erroneously classified as an exempt employee by Defendant and was not compensated at a rate equal to Arkansas minimum wage, in violation of the AMWA.

13.      Defendant is a corporation organized and existing under the laws of the State of Arkansas, with corporate headquarters in Fayetteville, Arkansas.

14.     At all times material to this action, Defendant is or was the employer of Plaintiff and those similarly situated within the FLSA's broad definition of "employer" pursuant to 29 U.S.C. § 203(d).

15.     At all times material to this action, Plaintiff and those similarly situated are or were "employees" of Defendant as that term is defined in 29 U.S.C. § 203(c)(1), and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this action, plus additional periods of time due to equitable tolling.

16.     At all times herein, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s)(1), with an annual revenue in excess of $500,000.

17.     At all times herein, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in interstate commerce.

18.     At all times material to this action, Plaintiffs and those similarly situated employees of Defendants are non-exempt employees within the meaning of the FLSA.

19.     Plaintiff brings this action on behalf of herself and those similarly situated and seeks to certify this matter as a collective action, with the putative class divided into two sub-classes.  Sub-Class 1 consists of Plaintiff and all current or former non-exempt Managers of Defendant who were compensated at an hourly rate less than the federal minimum wage.  Sub-Class 2 consists of Plaintiff and all current or former non-exempt Managers employed by Defendant who were not compensated at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek.

20.     The agent for service of process is D. Scott Rogerson, 1200 E. Joyce Boulevard, 6th Floor, Fayetteville, Arkansas 72703.

21.     Defendant is headquartered at 1200 E. Joyce Boulevard, Fayetteville, Arkansas 72703.

## IV.

## FACTUAL ALLEGATIONS

22.     Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

23.     Defendant is an apartment management company providing property management services to multi-family housing complexes in Arkansas, Alabama, Kansas, Mississippi, Missouri, Nebraska, Oklahoma, and Tennessee.  Defendant also maintains golf courses in these states and offers executive suite accommodations.

24.     Plaintiff began working for Defendant as an Apartment Manager/Community Director in March 2012 and worked for Defendant until it fired her in December 2012.

25.     Plaintiff's duties for Defendant included bookkeeping, collecting and making deposits given to Defendant from lessees, showing apartments, running errands, picking up supplies, and calling and scheduling maintenance requests from tenants with the two maintenance workers.

26.     As the Apartment Manager/Community Director, Plaintiff was compensated at a fixed rate of $910.00 every two weeks, or $455.00 per week.

27.     If Plaintiff took a personal day or sick day, Defendant would deduct that time from Plaintiff's pay.

28.     Plaintiff's office hours were typically from 8 a.m. until 7 p.m.

29.     In addition to her office hours, Plaintiff was on-call at all times.

30.     In total, Plaintiff worked upwards of eighty (80) hours per workweek, factoring in her work during after-office hours.

31.     Plaintiff was terminated after she attended the funeral of a family member in December 2012.  Plaintiff told her boss that she needed time off to attend the funeral, but he did not want her to attend.  Defendant fired Plaintiff when she took the time off from work to attend the funeral, and her boss maintained that she was a "no call, no show."

## COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff, individually and on behalf of those similarly situated, seeks relief on a collective basis challenging Defendant's common policy and practice of compensating non-exempt Managers in a manner that violates FLSA overtime and minimum wage provisions.

33.     Plaintiff is representative of those similarly situated individuals who are or were employees of Defendant as Apartment Managers who were paid less than the federal minimum wage and/or worked in excess of forty (40) hours per work week and did not receive overtime compensation at a rate of one and one-half times their regular rate of pay because of Defendant's failure to pay Plaintiff and all those similarly situated for all work time.

34.     The number and identities of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records.  Potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

35.     Plaintiff brings this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent-to-join form with the Court.

## LEGAL ALLEGATIONS

### A. FIRST CAUSE OF ACTION: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

36.     Plaintiff incorporates all preceding paragraphs by reference as if fully stated herein.

37.     Plaintiff and the putative class are entitled to the rights, protections, and benefits under the FLSA, 29 U.S.C. § 216(b).

38.     The FLSA requires employers to pay employees at an hourly rate no less than $7.25 per hour for each work week.  29 U.S.C. § 206.

39.     Defendant's common practice and policy to compensate Plaintiff and those similarly situated at a fixed rate regardless of hours actually worked caused the putative class members in Sub-Class 1 to frequently not be compensated at least $7.25 per hour worked in each work week, in violation of 29 U.S.C. § 206.  Such failure to pay for all time worked resulted in Plaintiff and those similarly situated being compensated at an hourly rate that was as low as approximately $5.69 per hour worked within a work week.

40.     The biweekly payments received by Plaintiff and those similarly situated, when divided by the total time worked in those work weeks, falls below the federal minimum wage.

41.     Defendant knew or should have known that Plaintiff and those similarly situated were non-exempt employees under the FLSA and knowingly and willfully violated the FLSA by failing to keep accurate records of Plaintiff's actual hours worked and not paying Plaintiff and members of Sub-Class 1 at least $7.25 per hour worked.

42.     As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, Defendant has unlawfully deprived Plaintiff and those similarly situated of adequate

compensation for work performed.  Defendants are liable under 29 U.S.C. § 216(b) for paying

Plaintiff and those similarly situated at a rate less than the federal minimum wage, as well as

liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this

action.

43.   Plaintiff and those similarly situated seek injunctive relief under 29 U.S.C. § 217

to stop Defendant's unlawful pay practices and establish that such unlawful practices within the

property management industry are no longer permissible.

WHEREFORE, on the First Cause of Action of this Complaint, Plaintiff and those

similarly situated demand judgment against Defendant and pray this Court: (1) designate this

action as a collective action on behalf of the Collective Class and order prompt issuance of notice

pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Class apprising

them of the pendency of this action and permitting them to assert timely FLSA claims in this

action by filing approved individual consent forms pursuant to 29 U.S.C. § 216(b); (2) enjoin

Defendant's unlawful pay practices as stated herein; (3) find that Defendant's conduct was a

willful violation of the FLSA; (4) grant Plaintiff and those similarly situated unpaid wage

compensation; (5) grant Plaintiff and those similarly situated liquidated damages; (6) grant

Plaintiff and those similarly situated attorneys' fees and costs as allowed by Section 216(b) of

the FLSA; (7) award pre- and post-judgment interest as provided by law; and (8) award such

other and further relief as the Court deems just, proper, and equitable under the circumstances.

**B.  SECOND CAUSE OF ACTION: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

44.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45.     At all times relevant herein, Plaintiff and those similarly situated employees are entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 216(b).

46.     The FLSA requires employers to pay non-exempt employees one and one-half times the regular rate of pay at which they are employed for hours of work in excess of forty (40) per work week.  29 U.S.C. § 207.

47.     Defendant's common practice and policy to compensate Plaintiff and those similarly situated employees at a fixed rate per week regardless of hours actually worked caused the putative class members in Sub-Class 2 to frequently not be compensated at a rate of one and one-half times the regular rate of pay at which they were or are employed for hours worked in excess of forty (40) per workweek, in violation of 29 U.S.C. § 206.  In some instances, Plaintiff and those similarly situated employees worked approximately eighty (80) hours per workweek without compensation at a rate equal to time-and-a-half for hours worked in excess of forty (40) per workweek.

48.     Defendant's policies, actions, and/or practices violate the FLSA's overtime requirements by compensating Plaintiff and those similarly situated at a fixed rate per week and failing to compensate Plaintiff and those similarly situated for all hours worked as set forth in this Complaint.

49.     Defendant knew or should have known that Plaintiff and those similarly situated are or were non-exempt employees under the FLSA and knowingly and willfully violated the

FLSA by failing to keep accurate records of Plaintiff's actual hours worked and not paying Plaintiff and those similarly situated time-and-a-half for hours worked in excess of forty (40) per workweek.

50.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Defendant unlawfully deprived Plaintiff and those similarly situated employees in Sub-Class 2 overtime compensation.

51.     Defendant is liable under 29 U.S.C. § 216(b) for unpaid overtime worked, as well as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

52.     Plaintiff and those similarly situated seek injunctive relief under 29 U.S.C. § 217 to stop Defendant's unlawful pay practices and establish that such unlawful practices within the property management industry are no longer permissible.

WHEREFORE, on the Second Cause of Action of this Complaint, Plaintiff and those similarly situated demand judgment against Defendant and pray this Court: (1) designate this action as a collective action on behalf of the Collective Class and order prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing approved individual consent forms pursuant to 29 U.S.C. § 216(b); (2) enjoin Defendant's unlawful pay practices as stated herein; (3) find that Defendant's conduct was a willful violation of the FLSA; (4) grant Plaintiff and those similarly situated unpaid overtime compensation; (5) grant Plaintiff and those similarly situated liquidated damages; (6) grant Plaintiff and those similarly situated attorneys' fees and costs as allowed by Section 216(b) of

the FLSA; (7) award pre- and post-judgment interest as provided by law; and (8) award such other and further relief as the Court deems just, proper, and equitable under the circumstances.

## C. EQUITABLE TOLLING

53.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

54.    The applicable statute of limitations for Plaintiff's FLSA causes of action should be tolled because strict application of the statute of limitations would be inequitable.

55.    FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights.  29 C.F.R. § 516.4.

56.    An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations.  United States v. Sabhnani, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); Hency v. City of Absecon, 148 F. Supp. 2d 435, 439 (D. N.J. 2001); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Penn. 1984).

57.    Defendant failed to post all appropriate notices regarding the FLSA whatsoever at all times.

## D. THIRD CAUSE OF ACTION: VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE ARKANSAS MINIMUM WAGE ACT

58.    Plaintiff incorporates by reference all preceding paragraphs as if specifically set forth herein.

59.    At all times material to this action, Plaintiff was employed by Defendant and therefore an employee within the meaning of Ark. Code Ann. § 11-4-203(3), and entitled to the rights, protections, and benefits provided under the AMWA.

60.     At all times material to this action, Defendant was an employer within the meaning of Ark. Code Ann. § 11-4-203(4), subject to the pay requirements of AMWA, and liable for violations of the AMWA.

61.     The AMWA requires and employer to pay employees at a rate equal to at least $6.25 per hour.  Ark. Code Ann. § 11-4-210(a).

62.     Plaintiff routinely worked so many hours that her hourly wage dropped below the minimum wage in Arkansas, with some weeks as low as $5.69 per hour.

63.     Defendant knowingly and willfully violated the AMWA by failing to pay Plaintiff minimum wage.

64.     As a result of Defendant's failure to pay Plaintiff at a rate equal to Arkansas' minimum wage, Defendant has violated Ark. Code Ann. § 11-4-210(a).  Accordingly, Defendant is liable under Ark. Code Ann. § 11-4-218 for unpaid minimum wage, as well as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs associated with this action.

WHEREFORE, on the Third Cause of Action of this Complaint, Plaintiff demands judgment against Defendant and prays this Court: (1) find that Defendant's conduct was a willful violation of the AMWA; (2) grant Plaintiff minimum wage compensation; (3) grant Plaintiff liquidated damages; (4) grant Plaintiff attorneys' fees and costs; (5) award pre- and post-judgment interest as provided by law; and (6) award such other and further relief as the Court deems just, proper, and equitable under the circumstances.

## E.  FOURTH CAUSE OF ACTION: VIOLATION OF THE OVERTIME PROVISIONS OF THE ARKANSAS MINIMUM WAGE ACT

65.    Plaintiff incorporates by reference all preceding paragraphs as is fully stated herein.

66.    The AMWA requires an employer to pay non-exempt employees one and one-half times the employee's regular rate of pay for the hours worked in excess of forty (40) per workweek.  Ark. Code Ann. § 11-4-211(a).

67.    At all times material to this action, Plaintiff was a non-exempt employee within the meaning of the AMWA.

68.    As a result of Defendant's failure to pay Plaintiff overtime, Defendant has violated Ark. Code Ann. § 11-4-211.

69.    Defendant knowingly and willfully violated the AMWA by failing to pay Plaintiff overtime compensation.

70.    As a result of the aforesaid willful violations of the AMWA's overtime pay provisions, overtime compensation was unlawfully withheld from Plaintiff.  Accordingly, Defendant is liable under Ark. Code Ann. § 11-4-218 for unpaid overtime, as well as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs associated with this action.

WHEREFORE, on the Fourth Cause of Action of this Complaint, Plaintiff demands judgment against Defendant and prays this Court: (1) find that Defendant's conduct was a willful violation of the AMWA; (2) grant Plaintiff unpaid overtime compensation; (3) grant Plaintiff liquidated damages; (4) grant Plaintiff attorneys' fees and costs as allowed by Section Ark. Code Ann. § 11-4-218; (5) award pre- and post-judgment interest as provided by law; and (6) award

such other and further relief as the Court deems just, proper, and equitable under the

circumstances.

## F.  DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury on all claims triable by jury herein.

Respectfully submitted,

By: _____
Charles M. Kester – AR Bar No. 94238
THE KESTER LAW FIRM
P.O. Box 184
1160 North College Ave.
Fayetteville, AR 72702-0184
(479) 582-4600
(479) 571-1671 (fax)
cmkester@nwark.com


**AND**


_____/s/ Kevin J. Dolley_____
Kevin J. Dolley, USDC #54132MO *(pro hac pending)*
Conor R. McCullough, USDC #65022MO *(pro hac pending)*
LAW OFFICES OF KEVIN J. DOLLEY, LLC
34 N. Brentwood, Suite 207
St. Louis, MO  63105
(314) 645-4100 (phone)
(314) 647-4300 (fax)
kevin@dolleylaw.com
conor@dolleylaw.com

# PLAINTIFF CONSENT FORM

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against Lindsey Management Co., Inc. I HEREBY CONSENT to be a party plaintiff in the foregoing action seeking unpaid wages, including unpaid minimum wage and overtime under the FLSA. For purposes of this lawsuit, I choose to be represented by Kevin J. Dolley, Law Offices of Kevin J. Dolley, LLC and by any other attorneys with whom they may associate to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit.

I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

NOTE: If your address has changed, please update it on this form.

_Martina S. Baker_ 04.28.13
Signature                                    Date

Martina S. Baker
Print Name

REDACTED
Address

REDACTED
Best Telephone Number

REDACTED
Email Address

REDACTED
Alternative Contact Name & Phone Number

Mail, Fax or Email to:

c/o Law Offices of Kevin J. Dolley, LLC
34 N. Brentwood Blvd., Suite 207
St. Louis, Missouri 63105
Fax: (314) 647-4300
Email: kevin@dolleylaw.com